IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Case No. 12-cv-02212-LTB

LOVE ALTONIO BROOKS,

    Applicant,

v.

WARDEN C. DANIELS,

    Respondent.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) ("the Application"), filed *pro se* by Applicant, Love Altonio Brooks.  On September 27, 2012, Respondent was ordered to show cause why the Application should not be granted.  Respondent has filed Defendant's Response to Applicant's Writ of Habeas Corpus ("the Response") (ECF No. 14) and Mr. Brooks has filed a Reply to Defendant's Response ("the Reply") (ECF No. 15).  After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, the Court concludes that the Application should be denied.

**I.   Background**

Mr. Brooks is a prisoner in the custody of the United States Bureau of Prisons. He "was convicted on various narcotics and related charges and sentenced principally to life in prison plus fifty years."  *Brooks v. United States*, 78 F. App'x 791, 792 (2nd Cir. 2003).  Mr. Brooks was incarcerated at a federal prison in Florence, Colorado, when he

initiated this action. He currently is incarcerated at a federal prison in Terre Haute, Indiana.

Mr. Brooks filed this action challenging the validity of a 2011 prison disciplinary conviction for fighting that he received while he was incarcerated at a federal prison in Pennsylvania. According to Mr. Brooks, he was the victim of a staged attack by an inmate named Stoddard that was orchestrated by Officer Kepner in retaliation for a complaint Mr. Brooks had filed against Officer Kepner. Mr. Brooks describes the attack as follows:

> On May 13, 2011, in retaliation for a complaint, Officer Kepner placed a prisoner who was on single rec status for multiple altercations while at rec in my rec group. As I was going outside, said C.O. chuckled saying, "Let's see how this works out." While in the small waiting cage, as I opened the gate, the prisoner charged in hitting me repeatedly. Rec Officer Crawley stood idly by while I was attacked refusing to open the cage for escape. I grabbed the prisoner in a headlock where he bit me on the chest. I hit him until he desisted, and I pushed him out of the small waiting cage into the bigger rec cage, and I pulled the gate closed.

(ECF No. 1 at 6.)

As a result of this incident, Mr. Brooks was charged with the prison disciplinary offense of fighting. Following a disciplinary hearing on July 28, 2011, Mr. Brooks was found guilty and he was sanctioned with loss of twenty-seven days of good conduct time, thirty days of disciplinary segregation, and loss of commissary, telephone, and visiting privileges for four months.

Mr. Brooks asserts three claims for relief in the Application. He first claims that his constitutional right to due process was violated as a result of the prison disciplinary conviction for fighting because he merely acted in self-defense when he was attacked

by inmate Stoddard.  Mr. Brooks contends in his second claim that his constitutional right to due process was violated because he was denied a witness at the disciplinary hearing.  Mr. Brooks finally claims that his Eighth Amendment rights were violated and that he was the victim of unconstitutional retaliation when Officer Kepner orchestrated the attack and Officer Crawley failed to intervene to end the attack.

## II.     Standards of Review

The Court must construe the Application and the Reply liberally because Mr. Brooks is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Habeas corpus relief is warranted only if Mr. Brooks "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

With respect to prison disciplinary proceedings, "[i]t is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment."  *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a

prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (internal citation and quotation marks omitted).

### III. Discussion

#### A. Claim 1

Mr. Brooks contends in his first claim that he was denied due process in connection with his prison disciplinary conviction for fighting because he merely acted in self-defense when he was attacked by inmate Stoddard. The Court construes this claim as a due process claim challenging the sufficiency of the evidence to support the disciplinary conviction.

As noted above, due process requires that there be some evidence to support the decision of the hearing officer. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether

4

there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.  As a result, a prison disciplinary conviction can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (quoting *Hill*, 472 U.S. at 457).  Furthermore, an incident report alone may constitute "some evidence" sufficient to support the disciplinary hearing officer's decision.  *See Ruelas v. Zuercher*, 240 F. Appx. 796, 797 (10th Cir. 2007); *Longstreth v. Franklin*, 240 F. App'x 264, 267 (10th Cir. 2007).

According to the report of the hearing officer, the hearing officer relied on the written account of the reporting officer indicating Mr. Brooks was observed fighting; a corroborating statement by another staff member; documentary evidence indicating Mr. Brooks did not sustain any injuries and inmate Stoddard suffered two lacerations to his right palm; video evidence depicting Mr. Brooks placing inmate Stoddard in a headlock and striking him numerous times in the head with a closed fist after inmate Stoddard charged Mr. Brooks; and Mr. Brooks' testimony at the disciplinary hearing in which he admitted striking inmate Stoddard numerous times in the head with a closed fist.  (*See* ECF No. 1 at 12.)  Although Mr. Brooks contends he merely acted in self-defense, the Court finds the evidence recited by the hearing officer sufficient to support his determination that Mr. Brooks was guilty of fighting.  In particular, the evidence is undisputed that Mr. Brooks struck inmate Stoddard repeatedly with a closed fist while holding him in a headlock.  Therefore, Mr. Brooks is not entitled to relief with respect to claim one.

**B. Claim 2**

Mr. Brooks contends in his second claim that he was denied due process

because his request to call inmate Nelson as a witness at his disciplinary hearing was denied. According to Mr. Brooks, inmate Nelson was present in the recreation cage on May 13, 2011; saw Officer Kepner grin at Mr. Brooks and say "Let's see how this works out"; and saw Mr. Brooks being forced to defend himself when he was attacked by inmate Stoddard. The report of the hearing officer indicates that inmate Nelson was not called as a witness in person "due to the security concerns presented by the fact that inmate Nelson is confined in a special management unit, separate from inmate Brooks," and that inmate Nelson refused to make a written statement. (ECF No. 1 at 11.)

The scope of an inmate's right to call and confront witnesses in a prison disciplinary proceeding is committed to the sound discretion of prison officials who must exercise their discretion on an individualized basis. *See Ramer v. Kerby*, 936 F.2d 1102, 1104 (10th Cir. 1991). In addition, as noted above, an inmate must be given an opportunity to call witnesses at a prison disciplinary hearing only when it would be "consistent with institutional safety and correctional goals." *Hill*, 472 U.S. at 454. Finally, any error by prison officials in denying witness testimony at disciplinary hearings is subject to harmless error review. *See Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006); *see also Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (applying harmless error review to alleged error by prison official in denying testimony and evidence at disciplinary hearing). In other words, an inmate cannot maintain a due process claim for failure to permit witness testimony unless he shows that the testimony "'would have affected the outcome of his case.'" *Grossman*, 447 F.3d at 805 (quoting *Chesson*, 986 F.2d at 366).

There is no indication in the record that the hearing officer abused his discretion

in determining that security concerns precluded calling inmate Nelson as a witness at Mr. Brooks' disciplinary hearing.  Furthermore, even if the Court assumes the hearing officer's decision not to allow inmate Nelson to testify was an abuse of discretion, Mr. Brooks fails to demonstrate that inmate Nelson could have provided testimony or a statement that would have affected the outcome of the disciplinary hearing.  *See id.*  In particular, the hearing officer recognized that inmate Stoddard initiated the attack on Mr. Brooks.  (*See* ECF No. 1 at 11.)  Furthermore, there is no evidence that inmate Nelson would have contradicted the finding, based on the incident report, the video footage, and Mr. Brooks' own testimony, that Mr. Brooks repeatedly punched inmate Stoddard in the head with a closed fist while holding him in a headlock.  Because that evidence is sufficient to support the disciplinary conviction, any error in not allowing inmate Nelson to testify was harmless and Mr. Brooks is not entitled to relief with respect to his second claim.

### C.  Claim 3

Mr. Brooks contends in his third claim that his Eighth Amendment rights were violated and that he was the victim of unconstitutional retaliation when Officer Kepner orchestrated the attack by inmate Stoddard and Officer Crawley failed to intervene to end the attack.  The Court finds that the Eighth Amendment and retaliation arguments Mr. Brooks raises in his third claim are not properly raised in the instant action and must be dismissed without prejudice for two reasons.

First, the Eighth Amendment and retaliation arguments challenge the conditions of Mr. Brooks' confinement rather than the execution of his sentence and may not be raised in a habeas corpus action.  "[T]he essence of habeas corpus is an attack by a

person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). However, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* Mr. Brooks' Eighth Amendment and retaliation arguments may not be raised in this habeas corpus action because those arguments do not implicate the length of his confinement in any way.

Second, although not addressed by either party, the Court notes that Mr. Brooks already has filed a civil rights action in the United States District Court for the Middle District of Pennsylvania in which he contends Officers Kepner and Crowley violated his constitutional rights in connection with the attack by inmate Stoddard. *See Brooks v. Bledsoe*, No. 3:12cv67 (M.D. Pa. filed Jan. 11, 2012). In an order filed in that action on November 29, 2012, the Middle District of Pennsylvania described Mr. Brooks' claims in his amended complaint, including a claim of retaliation premised on "an attack by another inmate (as orchestrated by Defendant Kepner) while Defendant Crawley stood idly by." *See Brooks v. Bledsoe*, No. 3:12cv67, 2012 WL 5986977 at *1 (M.D. Pa. Nov. 29, 2012). Therefore, even if Mr. Brooks could challenge the conditions of his confinement in this habeas corpus action, the Eighth Amendment and retaliation arguments he presents in his third claim for relief are repetitive of his claims in the Middle District of Pennsylvania action.

**IV.     Conclusion**

In summary, the Court finds that Mr. Brooks is not entitled to any relief and the Application will be denied. Accordingly, it is

ORDERED that Applicant's due process claims challenging the validity of his disciplinary conviction, claims one and two in the Application, are dismissed with prejudice. It is further

ORDERED that Applicant's third claim in the Application challenging the conditions of his confinement is dismissed without prejudice. It is further

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) is denied and this case is dismissed. It is further

ORDERED that Applicant's Request for Stay (ECF No. 16) is denied as moot.

DATED May 3, 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court